

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Wallace Hughston, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-6417
Re: The necessity for notice
under Art. 911b, Sec. 11,
to "common carriers",
"specialized motor carriers",
and "contract carriers" upon
an application for a certifi-
cate or permit for any one of
the three services.

We acknowledge receipt of your opinion request read-
ing as follows:

"The opinion of your Department is requested on
the proper construction of Section 11 of Article 911-B
of the Revised Civil Statutes on the subject of notices,
and particularly as follows:

"Article 911-B provides for three different
classes of regulated carriers, towit: common
carriers, specialized motor carriers, and contract
carriers. Common carriers operate over regular
routes, specialized motor carriers operate over
irregular routes and frequently within a defined
territory, and the contract carriers operate over
irregular routes and for particular persons and
usually in unlimited areas.

"1. Are common carriers entitled to notice
of applications of either or both of
the other two classes of carriers?

Hon. Wallace Hughston, page 2

"2.  Are specialized motor carriers entitled
to notice of applications of either or
both of the other two classes of
carriers?

"3.  Are contract carriers entitled to notice
of applications of either or both of the
other two classes of carriers?

"Generally speaking, of what applications are each
of the three carriers named above entitled to notice?"

Section 11 of Article 911b, Vernon's Annotated Civil
Statutes,.reads as follows:

"Sec. 11.  Upon the filing of said application
for a certificate or permit, the Commission shall
fix a time and place for hearing, and the place of
hearing shall be in the City of Austin,Texas, unless
otherwise ordered by the Commission. Notice of the
filing of said application, and the time and place
of hearing, shall be given by mail not less than ten
(10) days, exclusive of the day of mailing before,
such hearing, addressed to the owner or owners of
existing transportation facilities serving such ter-
ritory as applicant seeks to serve, as well as to
the Highway Commission of the State of Texas, the
County Judge or Judges of the counties and to the
mayor of any incorporated city or town through
which such carrier seeks to operate."

In our opinion the language "owner or owners of
existing transportation facilities serving such territory as
applicant seeks to serve" is broad enough to include "common
carriers", "specialized motor carriers" and "contract carriers."
In determining whether or not to issue a certificate or permit
for any one of these services the commission must consider
"the existing transportation facilities serving such territory"
in order to determine, first, the public necessity for an
additional service and, second, whether or not the additional
service would be injurious to the highways and dangerous to

the traveling public. The protection of the highways and safety of the traveling public are conditions which enter into the consideration of applications for all classes of certificates or permits. They are sufficient considerations in and of themselves to justify the Commission in refusing a certificate or permit. Railroad Commission vs. McDonald, 90 S. W. (2d) 581; McDonald vs. Thompson, 95 F. (2d) 937, affirmed 305 U. S. 263, 83 L. Ed. 164. All additional transportation services which add an extra burden on the highways or increase the hazards to the traveling public will affect "the existing transportation facilities serving such territory". We think that for this reason all classes of carriers "serving such territory as applicant seeks to serve", should be given notice of an application for a certificate or permit to carry on an additional transportation service of any kind.

Trusting that the foregoing answers your inquiry, we are,

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Fagan Dickson*

Fagan Dickson
Assistant.

FD:rt

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY